**Melvin Lamar ROBINSON,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 78–1509
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Melvin Lamar Robinson, pro se.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for respondent-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Melvin Lamar Robinson appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate sentence. We affirm.

Petitioner was removed from state custody in Mississippi after a U. S. Marshal lodged a detainer and then a writ of habeas corpus ad prosequendum with the state penitentiary. After arraignment on two federal charges, petitioner was returned to state custody. Another writ of habeas corpus ad prosequendum was issued to transfer Robinson for trial on the first of the two federal charges (mailing a threatening letter (18 U.S.C. § 876) ), in which he was acquitted. A third writ removed the prisoner for the trial of his second federal charge, conspiring to pass and passing forged postal money orders in violation of 18 U.S.C. §§ 371, 500, which resulted in his conviction. Petitioner now claims that the Interstate Agreement on Detainers (18 U.S.C. App. pp. 1395–1398 (1976) ) § 2, Art. IV(e) was violated by the Government's failure to try him on both federal counts before returning him to Mississippi state custody. Art. IV(e) provides:

> (e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment . . . such indictment . . shall not be of any further force or effect . . . .

Robinson contends that he asked his court-appointed attorney to raise this claim in the trial court, and that counsel's refusal to do so constitutes ineffective assistance of counsel.

As Mississippi is not a party to the Interstate Agreement on Detainers, the procedures of that Act do not apply to the United States in its dealings with that state. The language of Art. IV of the Agreement indicates that the terms of the Agreement are only operative in transactions between party states.

> (a) The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and *who is serving a term of imprisonment in any party State* . . . .

(emphasis added) 18 U.S.C. App. § 2, Art. IV.

Thus, the Supreme Court's conclusion in *United States v. Mauro,* —— U.S. ——, ——, 98 S.Ct. 1834, 1848, 56 L.Ed.2d 329 (1978) that a writ of habeas corpus ad prosequendum issued after a detainer has been lodged should be treated as a "written request for temporary custody" within the meaning of Art. IV of the Agreement, does

not apply in dealings with nonparty states, since there is no danger of permitting the United States "to circumvent its obligations under the Agreement." *Id.* Because we find that the agreement has no application to this case, petitioner's claim of ineffective assistance of counsel based on the failure to raise this issue is, of course, without merit.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.