**STATE of Tennessee, Appellee,**

v.

**Sinclair LEE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 12, 1985.

Opinion on Petition to Rehear Filed April 9, 1985.

Permission to Appeal Denied by the Supreme Court July 8, 1985.

E.E. Edwards, III, Sabin R. Thompson, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Mark S. Beveridge, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

TATUM, Judge.

This is an interlocutory appeal pursuant to Rule 9, T.R.A.P. The defendant, Sinclair Lee, was indicted by the Davidson County Grand Jury in a two-count indictment. Count 1 charged that the defendant possessed marijuana in violation of T.C.A. § 52–1432 (now T.C.A. § 39–6–417). Count 2 charged that the defendant possessed instruments adapted for the use of a controlled substance and which contained a quantity or trace of marijuana in violation of § 29–1–18 of the Code of the Metropolitan Government of Nashville and Davidson County (Metro).

The defendant moved the court below for a dismissal of the indictment. He moved that Count 2 be dismissed because it charged a violation of the Code of the Metropolitan government and was not an indictable offense. He stated that Count 1 should have been dismissed because he had been placed in jeopardy in the General Sessions Court on the trial of the Metro Code violation and was not convicted, the General Sessions Court having bound him to the Grand Jury for the Metro Code violation. As we understand his argument, the defendant contends that the possession of marijuana is an essential element of both the State statute and the Metro ordinance; that since the General Sessions Court had placed him in jeopardy for the Metro ordinance violation; to place him on trial for violation of the State statute would be splitting the two offenses and thus would offend the principles of double jeopardy. In other words, the defendant contends that there could be only one possession of marijuana with relation to these two offenses, and that since he has been placed in jeopardy for possessing instruments which "contained" marijuana, in violation of the Metro ordinance, to try him for violating the State statute would amount to double jeopardy. The General Sessions Court had jurisdiction to enter final judgment in the Metro Code case.

The trial judge sustained the defendant's motion to dismiss the indictment with respect to Count 2, which charged a violation of the Metropolitan Code Section. The motion, with respect to Count 1 charging a violation of the State statute, was overruled. The trial judge was of the opinion that the two counts charged separate and distinct offenses but agreed that Count 2, charging a violation of the Metropolitan Code, was not an indictable offense.

T.C.A. § 39–6–417(b) prohibits the possession of marijuana. We quote the appropriate portion of § 29–1–18 of the Metropolitan Code:

> "It shall be unlawful for any person to at any time, knowingly have or possess a hypodermic needle, syringe or any other

instrument or implement adapted for the use of any controlled substance and having on it any quantity, including a trace, of a controlled substance; ..."

The record of the General Sessions Court is not before us. We have only the statements made by defense counsel and the testimony of the defendant regarding the proceedings in the General Sessions Court. They stated that the defendant was charged with the State offense and with the Metro Government offense by separate warrants. The General Sessions Judge swore in witnesses and heard testimony and bound both cases to the Grand Jury. Without considering whether we can accept counsel's statements and the defendant's testimony as a substitute for a transcript of the General Sessions Court proceeding, we do not find that the record as presented indicates that the defendant was placed in jeopardy in the Metro Government case in the General Sessions Court. Since the General Sessions Judge bound both cases to the Grand Jury, we can only conclude that the General Sessions Judge considered that the two warrants charged only one offense of possessing marijuana and for this reason, he bound them both to the Grand Jury. There is nothing before us to indicate that the General Sessions Judge did any more than to hold a preliminary hearing for possessing marijuana and, after finding probable cause, bound the merged warrants to the action of the Grand Jury.

It is axiomatic and fundamental in this state that the purpose of a preliminary hearing is merely to determine whether there exists probable cause to believe that a crime has been committed and that the accused committed the crime. It is not a function of a preliminary hearing to determine guilt or innocence; its purpose is to resolve the question of whether the accused should be bound to the action of the Grand Jury. Jeopardy does not attach at a preliminary hearing. See *State v. Todd,* 654 S.W.2d 379 (Tenn.1983); *Waugh v. State,* 564 S.W.2d 654 (Tenn.1978); *State v. D'Anna,* 506 S.W.2d 200 (Tenn.Crim.App. 1974).

If the facts establish a merger of the two offenses, there is no possibility of a dual punishment since one of the counts was dismissed on the defendant's motion. Since the defendant has failed to demonstrate that jeopardy attached in the General Sessions Court, we pretermit the question of whether the State statute and the Metropolitan Code define separate and distinct offenses.

The judgment of the trial court refusing to dismiss Count 1 of the indictment is affirmed. The case is remanded to the Criminal Court for trial.

DAUGHTREY and SCOTT, JJ., concur.

## ON PETITION TO REHEAR

TATUM, Judge.

The defendant has filed a Petition to Rehear. Basically, it expresses disagreement with the Court's assessment of the record. We adhere to our holding that the record presented to us does not demonstrate that the defendant was placed in double jeopardy.

The Petition to Rehear is denied.

DAUGHTREY and SCOTT, JJ., concur.