**Sinclair LEE, Petitioner-Appellant,**

v.

**PROBATE COURT OF DAVIDSON COUNTY, Tennessee and W.J. Michael Cody, Attorney General of Tennessee, Respondents-Appellees.**

No. 86–5037.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1986.

Decided Dec. 23, 1986.

E.E. Edwards, III (argued), Edwards, Turner and Thompson, Nashville, Tenn., for petitioner-appellant.

W.J. Michael Cody, Atty. Gen., Nashville, Tenn., Kymberly L.A. Hattaway (argued), for respondents-appellees.

Before MERRITT, GUY and NORRIS, Circuit Judges.

MERRITT, Circuit Judge.

In this appeal from the District Court's denial of appellant's petition for habeas corpus relief, the only issue raised is whether the state's prosecution of the defendant violated the double jeopardy clause of the Fifth Amendment. Because we find that the offenses at issue were separate and distinct, we hold that the second trial did not violate the double jeopardy clause. Accordingly, we affirm the decision of the District Court.

## I.

During the course of a search of the petitioner's residence, both a small amount of marijuana and certain paraphernalia items adapted for the use of marijuana were found. As a result of this search, the petitioner, Sinclair Lee, was arrested and charged under two separate arrest warrants. One warrant charged violation of a Tennessee state law which prohibits the possession of a controlled substance, in this case, marijuana, T.C.A. § 52–1432 (now codified as T.C.A. § 39–6–417(b)). The second warrant charged petitioner with violation of a Davidson County ordinance which prohibits the possession of instruments adapted for the use of a controlled substance (marijuana). Metropolitan-Davidson County Code § 29–1–18.

Proceedings related to both charges were conducted in the Metropolitan General Sessions Court of Davidson County on July 26, 1982. One of the issues raised in this appeal is whether jeopardy attached to the Metropolitan Code violation in this proceeding before the General Sessions Court. It is unclear from the record whether the nature of these proceedings were such that jeopardy attached to the Metropolitan Code violation. The General Sessions Court did have jurisdiction to enter final judgment in the Metropolitan Code case. *State v. Lee*, 693 S.W.2d 361, 362 (1985).

The result of the proceedings before the General Sessions Court was that the judge bound both offenses over to the Davidson County Grand Jury. The Grand Jury subsequently returned a two count indictment charging the petitioner with simple possession of a controlled substance (marijuana) and possession of instruments for the use of a controlled substance (marijuana).

The petitioner then moved the trial court for dismissal of the indictment. Petitioner claimed that Count 2 which charged possession of an instrument in violation of the Metropolitan Code was not an indictable offense. Furthermore, he claimed Count I was essentially a lesser included offense of Count 2, and that because he had been put in jeopardy for Count 2 in the General Sessions Court, he could not be retried for the lesser offense in State Court.

The trial court agreed that the Metropolitan ordinance violation was not an indictable offense and dismissed Count 2 of the indictment. However, the trial judge disagreed with the defendant's contention that the state charge was a lesser included offense of the Metropolitan ordinance violation, holding that the two offenses were separate and distinct.

The defendant took an interlocutory appeal to the Court of Criminal Appeals in Tennessee. They too denied his claim but on a different ground. The Court of Appeals, and the District Court below, held that for double jeopardy purposes the two offenses merged and that, therefore, jeopardy did not attach in the General Sessions Court. Because we find that the state charge and the Metropolitan ordinance violation were separate and distinct offenses which could permissibly be tried successively, we need not determine whether jeopardy in fact attached to the Metropolitan Code violation in the proceedings before the General Sessions Court.

## II.

The purpose of the Fifth Amendment guarantee against double jeopardy, enforceable against the states through the Fourteenth Amendment, is to prevent trials and punishments that do not advance the deterrent and retributive purposes of the criminal justice system. *Pandelli v. United States*, 635 F.2d 533, 538 (6th Cir.1980) (explaining the current model of double jeopardy analysis after the Supreme Court's recent cases modifying the *Blockburger* test).

The double jeopardy clause has been said to consist of three separate constitutional protections. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple pun-

ishments for the same offense. *Id.* In determining whether the state could permissibly try the defendant for the state charge, after allegedly putting him in jeopardy on the Metropolitan ordinance violation, the protections against multiple prosecutions are necessarily implicated.[1]

The starting point for this analysis is to determine whether the Metropolitan ordinance and the state statute create separate and distinct offenses or whether they merge to create only one. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test in the past merely required that the court look at the two statutes in the abstract and determine whether each statute "requires proof of a fact that the other does not." The *Blockburger* test has been modified over the years, however, and it is now clear that the requisite statutory elements must be examined from the vantage point of the particular case before the court. *See Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

In the words of our court, "[w]hat the reviewing court must do now in applying *Blockburger* is go further and look to the legal theory of the case or the elements of the specific criminal cause of action for which the defendant was convicted without examining the facts in detail." *Pandelli v. United States,* 635 F.2d at 538 (1980).

Applying this standard to the facts of this case, we find that the Metropolitan ordinance violation and the state charge constitute separate and distinct offenses and that successive prosecutions were therefore permissible. The Metropolitan ordinance charge stemmed from the petitioner's possession of a pipe which contained traces of marijuana on it. The state charge, on the other hand, arose from the petitioner's possession of a separate quantity of marijuana. The traces of marijuana on the paraphernalia seemingly would not have been sufficient to charge possession under state law. That the theory of this case was that these were separate offenses is further evidenced by the indictment which clearly lists them as two separate counts.

For these reasons, we find that there were two separate offenses; first, the possession of the paraphernalia and second, the possession of the marijuana. In this case, these offenses do not merge for the purpose of double jeopardy analysis. Therefore, the state's prosecution of the petitioner on the state charge did not violate the double jeopardy clause.

This is not to say, however, that under all factual scenarios the Metropolitan ordinance violation and the state charge would be separate offenses, but rather only that under the facts and theory of *this* case, they constitute distinct offenses subject to multiple prosecutions.

Accordingly, the judgment of the District Court denying the appellant's petition for habeas corpus relief is affirmed.

---

1. For the purposes of this opinion, we will assume that jeopardy did attach in the General Sessions Court.