863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick ALLEN, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 88-3481.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1988.
 
 Before KENNEDY, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Derrick Allen moves for in forma pauperis status on appeal from the district court's judgment denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A Cleveland, Ohio jury convicted the petitioner of rape and kidnapping. He received two concurrent ten to twenty-five year terms. After various state court proceedings, he filed this petition alleging double jeopardy, ineffective assistance of counsel, prosecutorial misconduct, and fifth amendment issues. The district court summarily denied the petition. See Rule 4, Rules Governing Sec. 2254 Proceedings.
 
 
 3
 In his double jeopardy issue, the petitioner argues that the sexual activity necessary to accomplish the rape is the same sexual activity necessary to constitute kidnapping under the Ohio statute. The test on this issue is whether each offense requires proof of an element not found in the other offense. Blockburger v. United States, 284 U.S. 299, 304 (1932). The court applies Blockburger based on the facts of the case. Lee v. Probate Court, 807 F.2d 512, 514 (6th Cir.1986). In this case, the petitioner transported the victim to the location where she was raped. This transportation clearly involves an element in the kidnapping offense that is not present in the rape offense. Therefore, the double jeopardy issue is without merit.
 
 
 4
 The petitioner bases his ineffective assistance of counsel claim on counsel's failure to properly raise the double jeopardy issue. Where the underlying issue lacks merit, the ineffective assistance of counsel issue based on the same claim also lacks merit. Robinson v. United States, 580 F.2d 783, 785 (5th Cir.1978) (per curiam). Thus, the petitioner does not raise a valid ineffective assistance of counsel claim.
 
 
 5
 In order to obtain habeas relief concerning prosecutorial misconduct, the prosecutor's statements must be so egregious as to render the trial fundamentally unfair. Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc). The statements of the prosecutor described by the petitioner do not rise to the level of a constitutional violation. This issue is also without merit.
 
 
 6
 Finally, the petitioner alleges that the trial court improperly admitted an unsigned statement made by the petitioner to the police at the time of his arrest. To the extent that the petitioner raises this as an evidentiary question, we find no violation of fundamental fairness. Brofford v. Marshall, 751 F.2d 845, 857 (6th Cir.), cert. denied, 474 U.S. 872 (1985). The petitioner also argues that the unsigned statement should have contained a waiver of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436, 442 (1966). The petitioner does not deny that he received adequate oral Miranda warnings. Therefore, this issue is also without merit.
 
 
 7
 Because the petitioner qualifies as a pauper, the motion for in forma pauperis status is granted. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.