4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Craig Charles HOUTS, Petitioner-Appellant,
v.
John W. HAWLEY, Respondent-Appellee.
 No. 93-1227.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 W.D.Mich., No. 90-00245, McKeaque, J.
 W.D.Mich.
 AFFIRMED.
 BEFORE: MARTIN and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Craig Charles Houts, a pro se Michigan prisoner, appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 4, 1983, Houts pleaded guilty to malicious destruction of personal property over $100 and to being a habitual felon, fourth offense. He was sentenced to serve ten to fifteen years of imprisonment, to run consecutively to a term of imprisonment already being served. Houts's plea and sentence were affirmed on direct appeal, and the Michigan Supreme Court denied leave to file an appeal. On May 8, 1989, Houts filed an application for leave to file a delayed motion to withdraw his guilty plea and for a new trial. Houts's application was denied, and both the Michigan Court of Appeals and the Michigan Supreme Court denied Houts's delayed application for leave to appeal.
 
 
 3
 Houts then filed the present petition for a writ of habeas corpus and argued that he received ineffective assistance of trial and appellate counsel and that the Michigan magistrate abused his discretion by binding him over on a felony charge where no proof of value was introduced to establish that the personal property was valued at over $100. The magistrate judge's report addressed the merits of Houts's claims and recommended that the petition be dismissed. Over Houts's objections, the district judge adopted the report and recommendation as the opinion of the court and dismissed Houts's petition. On appeal, Houts raises the same issues raised below and also argues that the district court committed error by not conducting an evidentiary hearing.
 
 
 4
 The standard of review on a petition for a writ of habeas corpus is de novo, and a writ will not issue unless the petitioner demonstrates that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 5
 Houts argued that the Michigan magistrate abused his discretion by binding Houts over to the jurisdiction of the circuit court. This argument, however, was waived when Houts pleaded guilty. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982).
 
 
 6
 As to Houts's claim of ineffective assistance of trial counsel, in the guilty plea context, Houts must show both that counsel's representation fell below an objective standard of reasonableness and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). A strong presumption exists that counsel's representation fell within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). Upon review, we conclude that trial counsel's representation of Houts did not fall below an objective standard of reasonableness and that Houts has failed to show that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.
 
 
 7
 Because we conclude that Houts received effective assistance of trial counsel, his argument that his appellate counsel was ineffective by not raising a claim of ineffective assistance of trial counsel is meritless. See Robinson v. United States, 580 F.2d 783, 785 (5th Cir.1978).
 
 
 8
 Finally, Houts argues that an evidentiary hearing was necessary to resolve factual disputes. The denial of an evidentiary hearing is reviewed for an abuse of discretion. Brofford v. Marshall, 751 F.2d 845, 853 (6th Cir.), cert. denied, 474 U.S. 872 (1985). Upon review, we conclude that the district court did not abuse its discretion when it declined to conduct a hearing.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.