Floyd Forrest WILSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14494.

Court of Criminal Appeals of Oklahoma.

May 13, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

No brief filed in behalf of the State of Oklahoma by the Atty. Gen.

## MEMORANDUM OPINION

NIX, Judge.

The plaintiff in error, who shall hereinafter be referred to as defendant, was convicted in the District Court of Oklahoma County for the crime of Burglary Second Degree, After Former Conviction of a Felony: [to-wit: Attempted Burglary Second Degree]. The trial judge sentenced defendant to a term of twenty years in the Oklahoma State Penitentiary. No doubt the trial judge sentenced defendant under the provisions of Title 21, O.S.1965, Supp. § 51, (the court applying subdivision one.)

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than the minimum of number of years authorized for a first conviction.

2. If such subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years.

3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years. As amended Laws 1963, c. 283, § 1."

The defendant contends that he was sentenced under the wrong statute and should have received his sentence within the boundaries of Title 21, O.S.1961 § 52 (specifically subdivision two):

"Every person who, having been convicted of petit larceny, or of an attempt to commit an offense which if perpetrated, would be punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable as follows:

1. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for life, such person is punishable by imprisonment in such prison during life.

2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for any term less than for life, such person is punishable by imprisonment in such prison for the longest term prescribed upon a conviction for such first offense.

3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense, which, if perpetrated, would be punishable by imprisonment in the penitentiary, then such person is punishable by imprisonment in such prison for a term not exceeding five years. R.L.1910, § 2806."

Defendant contends that the principal offense for which he was tried was Burglary Second Degree (without enhancement) is punishable for not less than two nor more than seven years. Title 21, O.S.A., § 1436. That the previous offense upon which the former conviction was based was Attempted Burglary Second Degree which, without enhancement of punishment, carries a penalty of not more than three and one-half years. Title 21, O.S.A., § 42, subdivision 1.

Your writer agrees with defense counsel that defendant was sentenced under the wrong statute and that subdivision 2 of Title 21, § 52 would be applicable. But, in interpreting said statute it appears that defendant should have received a maximum of seven years. Subdivision 2 is somewhat confusing, but a close observation indicates that if the punishment for the subsequent offense (the charge for which he was tried herein) was less than life for the first offense (the punishment was 2 to 7 years) said person is punishable by the longest term provided for the first offense (still referring to the case for which he was tried herein) which would be 7 years imprisonment.

Therefore, it is the opinion of the Court that defendant was sentenced to serve 13 years more than the law provides, that the

maximum under Title 21, O.S.A. § 51, subdivision 2, would be 7 years.

Therefore, this Court hereby modifies the judgment and sentence of the trial court to conform with the statute, and the twenty (20) years sentence is reduced to seven (7) years in the penitentiary, and otherwise

Affirmed.

BUSSEY, J., not participating.

BRETT, Presiding Judge (specially concurring).

I concur with Judge NIX in the results of this decision, because the Court has long frowned upon the rule of "Repeal by Implication." I therefore presume the Legislature, in all its wisdom, recognized the lesser degree of the offenses of petit larceny, and an attempt to commit an offense; and consequently refused to repeal the 1910 section of the statutes, 21 O.S. § 52.