940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Darrell Ray TUCKER, Petitioner-Appellant,
v.
Howard RAY, Respondent-Appellee.
 No. 90-5147.
 United States Court of Appeals, Tenth Circuit.
 Aug. 14, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Darrell Ray Tucker appeals the dismissal, on grounds of abuse or successiveness, of his second petition for a writ of habeas corpus. In his first habeas proceeding, Mr. Tucker alleged that the State of Oklahoma violated the Double Jeopardy clause of the United States Constitution when it separately tried him for armed robbery and kidnapping when those crimes were tied to the same event, i.e., the armed robbery of a drug store in Tulsa, Oklahoma, on March 16, 1968. We addressed that contention in our opinion filed on August 25, 1989, Tucker v. Makowski, 883 F.2d 877 (10th Cir.1989). This second habeas proceeding was filed by Mr. Tucker on December 7, 1989. In it he alleges that he was sentenced under the wrong statute and that a sentence under the correct statute would have been a maximum of 10 years, whereas he is now serving a sentence of 10 to 30 years. He bases his argument on Title 21 O.S. Sec. 52.2, as explained by the Oklahoma Court of Criminal Appeals in Wilson v. State, 471 P.2d 468 (Okla.Crim.App.1970).
 
 
 3
 The Oklahoma state courts refused to entertain Mr. Tucker's present argument on grounds of procedural bar, holding that the issue should have been raised on direct appeal. The United States Magistrate Judge recommended that Mr. Tucker's habeas proceeding be dismissed on the ground that he had made no sufficient showing of an inability to bring the claim in his first petition, hence, the second petition was abusive. Mr. Tucker objected to the magistrate's report and recommendation. The district court, erroneously observing that no objection had been filed, adopted the report and recommendation, and dismissed. It is apparent that the court's decision, which required a de novo review, is unaffected by the presence or absence of an objection.
 
 
 4
 Since imprisonment for up to 20 years longer than permitted by state law could raise fundamental miscarriage questions, we have reviewed the merits of Mr. Tucker's petition. They are without substance, however.
 
 Title 21 O.S. Sec. 52.2 provides:
 
 5
 Sec. 52. Second offense after conviction of petit larceny or attempt to commit offense
 
 
 6
 Every person who, having been convicted of petit larceny, or of an attempt to commit an offense which if perpetrated, would be punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable as follows:
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for any term less than for life, such person is punishable by imprisonment in such prison for the longest term prescribed upon a conviction for such first offense.
 
 
 11
 (Emphasis added). In order to invoke this statute, Mr. Tucker describes his robbery conviction as "ATTEMPTED 2nd Degree Burglary." Opening Brief of Petitioner at 1, p 2. Such a characterization is necessary, of course, since the statute in question speaks of petit larceny or "an attempt." However, Mr. Tucker was not convicted of attempted burglary or attempted robbery. Tucker has not included any documents relating to his armed robbery charge and conviction in the record on appeal. However, there are significant references on the subject. According to the Oklahoma Court of Criminal Appeals, Tucker was convicted of the completed offense of armed robbery. See Tucker v. State, 481 P.2d 167, 168 (Okla.Crim.App.1971). Mr. Tucker acknowledges that fact in his brief in support of post-conviction relief in Oklahoma with respect to the issue ultimately raised in his first habeas proceeding. That document is attached to his first petition for a writ of habeas corpus filed in the district court on December 13, 1985, case no. 85-C-1098E. R.Vol. I, Tab 1.
 
 
 12
 In short, we have studied Mr. Tucker's argument and conclude that he has misconstrued both the statute and the case upon which he relies, and that the district court did not err in dismissing this second petition for a writ of habeas corpus. Accordingly, the order of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3