Darrell Ray **TUCKER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15425.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1971.

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Darrell Ray Tucker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Kidnapping After Former Conviction of a Felony; his punishment fixed at not less than twenty (20) and not more than sixty (60) years imprisonment; and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that on March 16, 1968, at approximately 9:45 p.m., a robbery occurred at a drug store in Tulsa. William Dickerson, the owner, testified that the defendant, wearing a large mesh netting over his face, entered the store with a .32 caliber pistol. The defendant demanded, and was given, narcotics and money. He placed the narcotics in two hand towels. Dickerson was forced, by gunpoint, to accompany the defendant from the store. Dickerson was forced into the back seat of a red Ford automobile and a blanket placed over his head. The defendant got in the passenger side and an unidentified person drove the car from the scene. He was transported for approximately ten minutes and was ordered out of the car by the defendant. The dome light came on as he was getting out of the vehicle and he could observe the defendant's face. Another car approached and Dickerson was ordered to get back inside the automobile. The vehicle was driven for approximately five minutes, and he was again ordered from the car. He again observed the defendant as he dismounted from the automobile. Dickerson ran from the car and subsequently called the police.

The defendant offered the testimony of Larry Maynard, a former cellmate of the defendant currently serving a term in the state penitentiary, who testified that he and not the defendant committed the said crime.

Morgan Storms testified that the defendant and his wife were living with him in March; that on March 16th the defendant did not leave the house from 5:00 p.m. to midnight.

In rebuttal, the State was permitted, over the defendant's objection, to read the testimony of Seth Edwards, taken at a former trial. Edwards testified that the defendant was living with him on March 16th. The defendant left the house at approximately 8:30 p.m. driving a red car.

■ The defendant's first proposition alleges that "the State cannot obtain separate punishments under separate statutes for a single transaction involving a single criminal objective and intent, act, or course of conduct." He contends that since the defendant had previously been convicted for the crime of Armed Robbery, it is double punishment to carve two crimes out of the same course of conduct. We cannot agree with such a contention. We are of the opinion that the Armed Robbery was completed when the defendant left the store. The elements of Armed Robbery and those of Kidnapping are quite dissimilar. The proof required to prove the Armed Robbery and the proof required to prove the Kidnapping are completely different. See Ryan v. State, Okl.Cr., 473 P. 2d 322. We, therefore, find this proposition to be without merit.

■ The defendant's next proposition alleges that double punishment for a single criminal objective and intent, act, or course of conduct amounts to cruel and unusual punishment. We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes

simultaneously, knowing they could only be punished for one. We, therefore, find this proposition to be without merit.

■ The defendant's final proposition contends that the trial court erred in allowing the State to read the testimony of the rebuttal witness from the transcript of a prior trial. We note that the trial court conducted an intensive inquiry prior to admitting the testimony following the guidelines set forth in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. Three officers testified concerning efforts made to locate and serve a subpoena on the witness. The trial court made a judicial finding that the State had been diligent in attempting to locate the missing witness and stated: "I just don't know what more you could require of them." (CM 367).

We are of the opinion that the record properly supports the trial court's ruling. We, therefore, find this proposition to be without merit.

■ In conclusion, we observe that the jury was instructed as to "good time credits" over the objection of the defendant in the second stage of the two-stage proceeding. The giving of such instruction is error. Williams v. State, Okl.Cr., 461 P.2d 997. The judgment and sentence is therefore modified to an indeterminate term of not less than ten (10), nor more than thirty (30) years imprisonment, and as so modified the judgment and sentence is

Affirmed. Modified and affirmed.

NIX, J., not participating.

BRETT, J., specially concurring.

BRETT, Judge (specially concurring).

I concur in this opinion because the act of Armed Robbery was completed when the act of Kidnapping was commenced. Title 21 O.S.Supp.1970, § 11, speaks in the singular and makes no provision whatsoever for "course of conduct."