**Darrell Ray TUCKER,**
**Petitioner–Appellant,**

v.

**John MAKOWSKI; Robert H. Henry,**
**Attorney General,**
**Respondents–Appellees.**

No. 87–1701.

United States Court of Appeals,
Tenth Circuit.

Aug. 25, 1989.

Darrell Ray Tucker, pro se.

Robert H. Henry, Atty. Gen., Timothy S. Gilpin, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before McKAY and ANDERSON, Circuit Judges, and BROWN,* District Judge.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Petitioner appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his Oklahoma convictions for robbery and kidnapping. Petitioner alleges his convictions arose from the same criminal transaction, and that the state violated double jeopardy in prosecuting him at successive trials for the two crimes.[1]

Petitioner limits his legal argument to a contention that the overlapping evidence presented at his successive trials violated his right not to be placed twice in jeopardy, relying principally on Supreme Court precedent and the decision by the Oklahoma Court of Appeals in *Chaney v. State*, 612

---

* The Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. In district court, petitioner listed three grounds in support of relief. Petitioner's first ground was his double jeopardy argument. Petitioner's second ground was apparently a contention that he was denied due process and equal protection when the state courts initially considered the issues raised in his first ground.

P.2d 269, 281 (Okla.Crim.App.1980), *cert. denied*, 450 U.S. 1025, 101 S.Ct. 1731, 68 L.Ed.2d 219 (1981). Petitioner's factual allegations, however, actually raise three principal legal issues: (1) whether petitioner's successive trials for robbery and kidnapping, arising from the same criminal transaction, violated double jeopardy; (2) whether the introduction of "other crimes" evidence at each of petitioner's trials violated his due process right to a fair trial; and (3) whether the decision by the Oklahoma Court of Criminal Appeals not to apply remedial state precedent to petitioner violated any federal constitutional right. In light of petitioner's pro se status, we will address each of these three issues in turn. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

## I. DOUBLE JEOPARDY

Petitioner argues that his successive trials for robbery and kidnapping subjected him to double jeopardy. Of course, double jeopardy would not bar petitioner's first trial for robbery. Thus, petitioner may only challenge his kidnapping conviction on double jeopardy grounds.

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Since the crime of robbery contains elements distinct from the crime of kidnapping, *see Tucker v. State*, 481 P.2d 167, 168 (Okla. Crim.App.1971), the district court was correct that petitioner's argument fails under the traditional *Blockburger* test.

The third ground was an argument that he met the "cause and prejudice" test to avoid the effect of a state procedural bar. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Neither petitioner's second nor his third argument is an attack on his original convictions. Petitioner is correct that he is not procedurally barred from raising his double jeopardy argument in federal court.

On appeal, petitioner relies in part on *Jordan v. Virginia,* 653 F.2d 870, 873 (4th Cir.1980), to argue that the *Blockburger* test does not apply where successive prosecutions are involved.[2] We disagree with the Fourth Circuit to the extent that the court has suggested that the *Blockburger* test does not ordinarily apply to double jeopardy challenges to successive prosecutions. *Illinois v. Vitale,* 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161 at 166, 97 S.Ct. 2221 at 2225, 53 L.Ed.2d 187 (1977); *see also United States v. Puckett,* 692 F.2d 663, 667 n. 4 (10th Cir.), *cert. denied,* 459 U.S. 1091, 103 S.Ct. 579, 74 L.Ed.2d 939 (1982) *and* 460 U.S. 1024, 103 S.Ct. 1276, 75 L.Ed.2d 497 (1983). We do agree, however, that successive prosecutions implicate "the protection against re-trial itself." *Jordan,* 653 F.2d at 873. This component of double jeopardy "insures that having once 'run the gauntlet' of criminal trial to judgment either of conviction or acquittal, a person shall not be required to run essentially the same gauntlet again." *Id.; see also United States v. Combs,* 634 F.2d 1295, 1297 (10th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981); *United States v. Huffman,* 595 F.2d 551, 559 (10th Cir.1979) (McKay, J., dissenting).

Because this important interest is at stake, the *Blockburger* test's examination of the requisite statutory elements must be made "from the vantage point of the particular case before the court." *Lee v. Probate Court of Davidson County,* 807 F.2d 512, 514 (6th Cir.1986) (citing *Vitale,* 447 U.S. 410, 100 S.Ct. 2260). Thus in *Vitale,* in trying to determine whether a defendant's conviction for failure to reduce speed barred his subsequent conviction for involuntary manslaughter, the Supreme Court focused on the proof required to sustain the involuntary manslaughter conviction. The Court remanded to the Illinois Supreme Court to determine whether, un-der the facts of the case, *the only way* the prosecutor could prove the elements of involuntary manslaughter was through proof of failure to reduce speed. If so, double jeopardy barred the subsequent prosecution for involuntary manslaughter. *Vitale,* 447 U.S. at 417, 100 S.Ct. at 2265–66. *See also Brown,* 432 U.S. at 168, 97 S.Ct. at 2226–27 (defendant convicted of joyriding could not subsequently be tried for greater offense of auto theft); *Harris v. Oklahoma,* 433 U.S. 682, 682, 97 S.Ct. at 2912, 2913, 53 L.Ed.2d 1054 (1977) (defendant convicted of felony murder could not subsequently be tried for the underlying felony of armed robbery because, although the two statutes might pass the *Blockburger* test, in the particular circumstances of the case, proof of armed robbery was indispensable to proof of felony murder).

Contrary to appellant's contention, substantial overlap in the evidence presented in the two trials does not, by itself, create a double jeopardy problem. The Supreme Court in *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975), clarified this point as follows: "[T]he Court's application of the [double jeopardy] test focuses on the statutory *elements* of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, *notwithstanding a substantial overlap in the proof offered to establish the crimes.*" (Emphasis added). *See also Rubino v. Lynaugh,* 845 F.2d 1266, 1269–70 (5th Cir. 1988) (issue not whether overlapping evidence used, but whether conviction for second crime could have been had without the assistance of the proof required to convict for the first crime).

Here, petitioner was accused of robbing a drugstore at gunpoint. After being given narcotics and money, petitioner forced the clerk to accompany him from the store. He then forced the clerk into the back seat of the car. He eventually released the

---

**2.** In *Jordan,* the prosecution charged defendant with the misdemeanor of obtaining a drug by presenting a forged prescription and with the felony offense of possession of a controlled substance. The Fourth Circuit concluded that although under *Blockburger,* the prosecution argu-ably could charge and try both offenses in a single trial, it could not bring successive charges, because the evidence needed at Jordan's first trial was necessary to convict him of the second crime.

clerk. *Tucker*, 481 P.2d at 168. Petitioner was charged with armed robbery and kidnapping.

Under Oklahoma law, the prosecution could have proven each crime without introducing evidence of the other. In his direct criminal appeal of his kidnapping conviction, petitioner argued that the state could not "obtain separate punishments under separate statutes for a single transaction involving a single criminal objective and intent, act, or course of conduct." *Id.* He contended that his previous conviction for armed robbery resulted in a double jeopardy bar against his kidnapping trial because the state was carving "two crimes out of the same course of conduct." *Id.*

The Oklahoma Court of Criminal Appeals rejected this argument.

> We are of the opinion that the Armed Robbery was completed when the defendant left the store. The elements of Armed Robbery and those of Kidnapping are quite dissimilar. The proof required to prove the Armed Robbery and the proof required to prove the Kidnapping are completely different.

*Id.* In light of the deference accorded state courts in determining the elements and required proof under their own criminal statutes, we conclude that in the circumstances before us, the "proof necessary to prove the statutory elements of each offense" was different. *Cf. Hoag v. New Jersey*, 356 U.S. 464, 467, 78 S.Ct. 829, 832, 2 L.Ed.2d 913 (1958) (due process did not prevent state from construing robberies of separate victims occurring at same time as separate offenses).[3]

■ Although the problem of overlapping evidence has been addressed, the issue remains whether successive trials arising from admittedly separate crimes, but stemming from the same criminal transaction, nevertheless violated petitioner's right to due process in the form of his right to be free of prosecutorial attempt " 'to wear the accused out by a multitude of cases with accumulated trials.' " *Id.* (quoting *Palko v. Connecticut*, 302 U.S. 319, 328, 58 S.Ct. 149, 153, 82 L.Ed. 288 (1937)). In *Hoag*, New Jersey had determined that each of four robberies, though taking place on the same occasion, was a separate offense.[4] Deferring to the state's interpretation of what could define a separate crime in New Jersey, the Supreme Court concluded there was no double jeopardy problem of double punishment for the same crime. *Id.*

> But even if it was constitutionally permissible for New Jersey to *punish* petitioner for each of the four robberies as separate offenses, it does not necessarily follow that the state was free to *prosecute* him for each robbery at a different trial. The question is whether this case involved an attempt "to wear the accused out by a multitude of cases with accumulated trials."

*Id.* (quoting *Palko*, 302 U.S. at 328, 58 S.Ct. at 153).

The Court held that the fourteenth amendment does not always forbid "[s]tates to prosecute different offenses at consecutive trials even though they arise out of the same occurrence. The question in any given case is whether such a course has led to fundamental unfairness." *Id.* The Court went on to consider the due process issue in terms of the state's justification for the successive trials. The second criminal trial in *Hoag* had been the result of a surprising recanting of testimony by witnesses during the first trial.

> We cannot say that, after such an unexpected turn of events, the State's deci-

---

**3.** A prior acquittal would arguably require us to determine whether, in delivering a not guilty verdict, the jury had decided an issue of fact adversely to the government, and whether that fact was a necessary element in the second charge. *See Ashe v. Swenson*, 397 U.S. 436, 442, 90 S.Ct. 1189, 1193, 25 L.Ed.2d 469 (1970) (recognizing collateral estoppel as part of guarantee against double jeopardy, thereby overruling *Hoag* in part).

**4.** The defendant was accused in three indictments of robbing three victims at gunpoint. Each indictment named a different victim. The defendant was acquitted on these first three charges, whereupon the prosecutor brought a fourth indictment naming a fourth victim, Mr. Yager. The defendant was then convicted.

sion to try petitioner for the Yager robbery was so arbitrary or lacking in justification that it amounted to a denial of those concepts constituting "the very essence of a scheme of ordered justice, which is due process."

*Id.* 356 U.S. at 469–70, 78 S.Ct. at 833 (citation omitted); *see also Ciucci v. Illinois,* 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983 (1958) (analyzing successive prosecutions of separate murders forming a single criminal transaction under a "fundamental fairness" test).

Although the successive prosecutions at issue here meet a strict interpretation of the *Blockburger* test, the court must nonetheless inquire further under *Hoag* and *Ciucci,* and ask whether the successive trials violated "fundamental fairness." The district court did not review the state court records, including the transcripts of petitioner's kidnapping and robbery trials, and the records are not part of the record on appeal. In light of the circumstances of this case, we conclude that a review of "fundamental fairness" is impossible without reviewing the transcripts. Accordingly, we reverse the judgment of the district court and remand for a consideration of the state court records in light of the due process standards for successive prosecutions contained in *Hoag* and *Ciucci.*

## II. DUE PROCESS AND "OTHER CRIMES" EVIDENCE

■ Petitioner complains that evidence of both crimes was introduced at each trial, thereby prejudicing the jury against him at each trial. Although petitioner does not label this argument as such, he has essentially alleged that even if double jeopardy does not bar his subsequent kidnapping trial, substantial "other crimes" evidence was used to convict him at both trials. This argument in itself raises a due process issue. *See Brinlee v. Crisp,* 608 F.2d 839, 850 (10th Cir.1979), *cert. denied,* 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980). On remand, the district court should also consider petitioner's allegations that substantial evidence of other crimes or wrongs was introduced at his trials for robbery and kidnapping.

By remanding, we make no comment on the merits of petitioner's allegations. We note that "[s]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Brinlee,* 608 F.2d at 850 (citing *Gillihan v. Rodriguez,* 551 F.2d 1182, 1192–93 (10th Cir.), *cert. denied,* 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111 (1977)); *see also Bond v. Oklahoma,* 546 F.2d 1369, 1377–78 (10th Cir.1976).

## III. APPLICATION OF REMEDIAL STATE PRECEDENT

■ Petitioner also argues that he was entitled to relief under the Oklahoma Court of Criminal Appeals' decision in *Chaney,* 612 P.2d at 281, in which the trial court denied the defendant's motion to consolidate trials on two charges of kidnapping and two charges of murder, all arising from one course of conduct. In opposing the motion, the prosecutor promised that each offense could be tried separately without reference to the others. Contrary to his word, however, the prosecutor brought out evidence of other crimes in the first trial. "The jury was told that it was trying the defendant for one murder, but then it was given evidence that there were in fact two murders and two kidnappings." *Id.* at 282. The Oklahoma Court of Criminal Appeals held that the prosecution was estopped from prosecuting the remaining crimes.

The court noted that the prosecution could have joined the indictments under 22 Okla.Stat. § 436, *et seq.* These statutes permit joinder of indictments or defendants, but instruct the trial court to provide relief to either the state or the defendant if joinder would be prejudicial. *Id.* §§ 436 and 439. By implication, apparently, a prejudicial severance should also be avoided. These statutes were passed in 1968, the same year petitioner was convicted. Petitioner argues that the new statutes and *Chaney* represent intervening law which should be applied to him.

In petitioner's post-conviction proceedings, the Oklahoma Court of Criminal Ap-

peals held that *Chaney* was "inapposite to petitioner's case. In *Chaney,* the defendant's motion to consolidate the four charges was denied, but evidence of the murder and two kidnappings was introduced at his first trial." Order Affirming Denial of Post–Conviction Relief, *Tucker v. State of Oklahoma,* Unpublished No. PC–85–482 (Sept. 25, 1985). Whether the court distinguished *Chaney* from the case at bar because *Chaney* did not concern a double jeopardy argument, or because here petitioner perhaps did not move to consolidate, is not clear.

In any event, the issue whether *Chaney* retroactively applies to petitioner is a state law issue. *Cf. Rubino,* 845 F.2d at 1275 (applicability of Texas rule forbidding "carving" of two crimes out of single criminal transaction was "peculiarly a creature of state law," dictating certification of issue to Texas Court of Criminal Appeals). Accordingly, the district court correctly denied the petition on this ground.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part and REVERSED in part, and the cause is REMANDED for further proceedings consistent with this order and judgment. Petitioner's motion for appointment of counsel on appeal is DENIED.

The mandate shall issue forthwith.