**Edward DIXSON, Petitioner,**

**v.**

**ATTORNEY GENERAL OF the STATE OF KANSAS, Respondents.**

**No. 91–3174–S.**

United States District Court,
D. Kansas.

Sept. 28, 1992.

Edward Dixson, pro se.

Kyle G. Smith, Kansas Bureau of Investigation, Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted on June 11, 1987, of three counts of kidnapping and one count of unlawful possession of a firearm. The Kansas Supreme Court affirmed the convictions on October 28, 1988.

Petitioner filed the present action on June 13, 1991, and alleges the trial court impermissibly restricted cross-examination of witnesses in violation of his confrontation rights guaranteed under the Sixth Amendment.

Having reviewed the record in this matter, the court makes the following findings and order.

### Factual Background

Petitioner's convictions rose out of the kidnapping of three individuals, Michael Johnson, Monique Johnson and Terry Brown. Petitioner and his half-brother, Michael Ray, believed that the Johnsons were responsible for the murder of a third brother, Earl Ray. Petitioner and Michael Ray forced the three victims into an automobile with the expressed purpose of transporting them to another area to be killed. The Johnsons and Brown were able to commandeer the vehicle and drove to the police station to report the incident.

Petitioner raises an issue raised in his direct appeal and has, therefore, exhausted his state court remedies.

### Discussion

Petitioner's claim is that his constitutional right to confrontation was violated when the trial court limited his cross-examination of the state's key witness, Monique Johnson. The trial court limited cross-examination as it related to Johnson's prior inconsistent statements given to the police during the investigation into the death of Earl Ray, and Johnson's prior threats of violence.

The court first notes that cross-examination is not an absolute or unlimited right in confrontation. *United States v. Atwell*, 766 F.2d 416, 419 (10th Cir.), *cert. denied Atwell v. United States*, 474 U.S. 921, 106 S.Ct. 251, 88 L.Ed.2d 259 (1985). The trial court, in its discretion, may limit cross-examination so long as a defendant's basic confrontation right is protected. *Id. Atwell* delineates two basic forms to limitation of cross-examination: that which precludes inquiry into an entire area of *relevant* cross-examination and that which limits the general extent of cross-examination. *Id.* The first of these forms presents the most problematic confrontational issue while the second is less troublesome and clearly lies within the trial court's sound discretion.

■ In this case, petitioner was limited in his cross-examination of Johnson concerning her inconsistent statements made to police during the investigation of the murder of Earl Ray. While the trial court precluded any inquiry into the Ray murder and thus raises a potential confrontation issue, this court, as did the trial court, does not find a confrontational problem, because the area of inquiry was not *relevant* to the instant case. There was no abuse of discretion.

■ The trial court also restricted petitioner's attempt to cross-examine Johnson concerning a statement she purportedly made to petitioner that she had robbed someone with a knife.[1] The trial court again found that the line of questioning had "no material bearing in this case." This court agrees, the link between a purported statement about a knife used in a robbery and the murder of Earl Ray seems tenuous at best. "The right to cross-examination is tempered by policy considerations relating to unfair prejudice, confusion of triable issues, undue delay, presentation of cumulative evidence, and concern that the jury may be misled." *Miranda v. Cooper,* 967 F.2d 392, 402 (10th Cir.1992), *petition for cert. filed,* (August 26, 1992) (No. 92–5645). The exclusion of the evidence did not violate petitioner's rights.

The record shows that petitioner vigorously cross-examined Johnson on numerous relevant issues and was clearly able to call into question her veracity and credibility. The trial court's evidentiary rulings in this case did not constitute an abuse of discretion.

■ In federal habeas actions, a state trial court's evidentiary rulings will not be disturbed unless they render the trial so fundamentally unfair that a petitioner's constitutional rights are denied. *Tucker v. Makowski,* 883 F.2d 877, 881 (10th Cir. 1989). The trial court's rulings did not violate petitioner's rights.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to the petitioner and the respondent.

---

1. Earl Ray was murdered and his throat slit open with a knife. Petitioner was apparently attempting to show Johnson was a violent person who had used a knife before and was likely to have used a knife on Ray.