989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny Clifford ZINN, Petitioner-Appellant,
v.
Robert TANSEY, Respondent-Appellee.
 No. 92-2034.
 United States Court of Appeals, Tenth Circuit.
 March 18, 1993.
 
 Before McKAY, Chief Judge, and SETH and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 Petitioner-Appellant Johnny Clifford Zinn appeals from the district court's order dismissing his petition for a writ of habeas corpus. We affirm.
 
 
 2
 Petitioner was convicted in New Mexico state court of nineteen crimes including murder, kidnapping, criminal sexual penetration, and conspiracy to commit those crimes. He was sentenced to life imprisonment plus ninety-six years. His appeal went directly to the New Mexico Supreme Court, which affirmed his conviction in State v. Zinn, 746 P.2d 650 (N.M.).
 
 
 3
 After exhausting his state remedies as to the issues raised here, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 2254. The matter was referred to a magistrate. The district court, after de novo review, adopted the magistrate's findings and recommendations and dismissed the petition with prejudice.
 
 
 4
 On appeal, Petitioner reasserts the following claims raised below: (1) the testimony given by two witnesses was coerced by the terms of their immunity agreements, violating Petitioner's rights to due process and a fair trial; (2) the out-of-court statements made by a codefendant were hearsay and improperly admitted, and absent these statements the evidence was insufficient to support the murder-related convictions; and (3) improper communication between the court and the jury denied Petitioner's right to be present during every stage of the trial.
 
 
 5
 The facts of this case are fully discussed in Zinn, 746 P.2d at 651-653. For the sake of brevity, we will only reiterate facts that are relevant to the issues on appeal. James M. Scartaccini, Jr. and Sidney Thomas Sliger were arrested in relation to the disappearance of Linda Lee Daniels and placed in separate detention facilities. Their lawyer interviewed them separately at that time, and more extensively two days later. On January 19, 1986, he contacted the District Attorney, indicating that Scartaccini and Sliger had information that could resolve the abduction, and bargained for immunity for his clients. A handwritten immunity agreement ("Agreement No. 1") was entered into by the two. Agreement No. 1 provided that Scartaccini and Sliger would not be prosecuted if certain contingencies were met, including either the return of Daniels alive or conviction of her killers if she was dead, and that Scartaccini and Slinger were not the killers and presented reasonable evidence of duress or coercion in their involvement. An associate of the firm went over the terms of Agreement No. 1 with Scartaccini and Sliger prior to their giving statements to the police. Their statements implicated Wallace Randolph Pierce and Petitioner, and led to their arrests.
 
 
 6
 Subsequently, a typewritten, formal immunity agreement ("Agreement No. 2") was entered into that incorporated the terms of Agreement No. 1 and was to prevail in the event of a conflict between the two agreements. Agreement No. 2 did not contain a provision that required conviction of the killers.
 
 
 7
 Petitioner and Pierce were initially joined as codefendants. Pierce ultimately pled guilty and was sentenced to life imprisonment plus thirty-six years. Pierce did not testify at Petitioner's trial.
 
 
 8
 Petitioner claims that the testimony given by Scartaccini and Sliger was coerced by the terms of Agreement No. 1, requiring conviction of Daniels' killers, and by the terms of Agreement No. 1 and Agreement No. 2, requiring evidence of duress or coercion in their involvement. Petitioner claims that because these contingencies were unduly coercive, the admission of the testimony violated his rights to due process and a fair trial.
 
 
 9
 In its discussion of the immunity agreement issue, the New Mexico Supreme Court analyzed the conviction requirement of Agreement No. 1. Although it did not expressly state that Scartaccini and Sliger had provided testimony pursuant to Agreement No. 1 or that Agreement No. 1 contained a requirement of conviction of the murderer as a contingency, the court's discussion makes clear that these findings were implicitly made. Because none of the factors of 28 U.S.C. § 2254(d) are present, we hold that these factual determinations of the New Mexico Supreme Court are controlling.
 
 
 10
 A due process issue as this one reaches is a mixed question of law and fact. Manlove v. Tansey, 981 F.2d 473 (10th Cir.); Case v. Mondragon, 887 F.2d 1388 (10th Cir.). The facts basic to the legal issues as determined by the state court are, of course, presumed to be correct unless one of the factors recited in 28 U.S.C. § 2254 is absent.
 
 
 11
 The primary determination to be made is whether the admission into evidence of the witness' testimony denied Petitioner his rights to due process and rendered the trial fundamentally unfair. Petitioner's argument is that an immunity agreement contingent upon conviction and the presentation of evidence of duress or coercion, under the circumstances of this case, was tantamount to requiring testimony of a specific content. Petitioner argues that the agreement required Scartaccini and Sliger to be so convincing that a conviction would result, and this created a substantial likelihood of perjured testimony. Thus the argument that the incentive to turn someone in prompted testimony that ran a high risk of crossing the line of due process protection.
 
 
 12
 As we stated in Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), the scope of our consideration is narrow. See also, Donnelly v. DeChristoforo, 416 U.S. 637, 642. We have stated our standard of review as follows:
 
 
 13
 "State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights."
 
 
 14
 Tucker v. Makowski, 883 F.2d 877, 881 (10th Cir.) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.)). Alternatively stated, evidentiary and procedural rulings may not be questioned unless a Petitioner demonstrates that the admission of the evidence was so prejudicial in the context of the proceedings as a whole that he was deprived of the fundamental fairness inherent to the concept of due process. Nichols, 867 F.2d at 1253. The state courts decided that the evidence was properly admitted.
 
 
 15
 The admission of the testimony of Scartaccini and Sliger did not render the trial fundamentally unfair. The record so demonstrates. There is no compelling authority that an immunity agreement contingent upon conviction is violative of a defendant's due process rights. The testimony was otherwise properly admitted. The basic issue became one of credibility--a typical fact question. The New Mexico Supreme Court held that the facts of this case considered with the trial court's rulings did not demonstrate that Petitioner's trial was fundamentally unfair, and, as mentioned, we agree.
 
 
 16
 The second issue Petitioner raises on appeal is that two out-of-court statements were erroneously admitted at trial as nonhearsay and an exception to hearsay, and that absent the admission of these statements, the evidence was insufficient to sustain his murder-related conviction.
 
 
 17
 The first contested statement was in fact presented to the jury twice. Scartaccini testified that on the way to the Jemez Mountains, Pierce had spoken with Petitioner on the telephone, and that Pierce stated that Petitioner had told him to "get rid of" Daniels. Petitioner did not object to this testimony. Six days later, Sliger testified regarding the same "get rid of her" statement, and Petitioner objected.
 
 
 18
 Because Petitioner did not object to Scartaccini's testimony at trial, he is procedurally barred from here raising the issue.
 
 
 19
 "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."
 
 
 20
 Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546. The New Mexico Supreme Court, in considering the admission of Scartaccini's and Sliger's testimony, found that Scartaccini's testimony had been properly held in the trial court:
 
 
 21
 "We note that Zinn did not object to the introduction of this testimony when Scartaccini testified as to Pierce's statement.... It would have been of little effect for the trial court to have sustained Zinn's objection to Sliger's testimony, even assuming there had been grounds for doing so, because the statement objected to had already been planted--properly--in the jurors' minds."
 
 
 22
 Zinn, 746 P.2d at 657. This determination by the state court was clearly expressed and relied on a procedural state law ground--failure to timely object at trial. See State v. Fish, 701 P.2d 374, 381 (N.M.App.). See also, Harris v. Reed, 489 U.S. 255, 262-263.
 
 
 23
 Since the New Mexico Supreme Court decided that Petitioner had defaulted his claim as to Scartaccini's testimony, and Petitioner has made no showing of cause and prejudice or of a fundamental miscarriage of justice, under the rule of Coleman v. Thompson, we will not review Petitioner's claim as to Scartaccini's testimony.
 
 
 24
 The standard for our review of Sliger's testimony regarding the "get rid of her" statement is that errors in the admissibility of evidence are not grounds for habeas relief absent fundamental unfairness which constitutes a denial of due process. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir.). The state court determined that Scartaccini's testimony was properly admitted. We perceive no fundamental unfairness resulting from the admission of Sliger's identical testimony. Sliger's testimony was cumulative of other properly admitted evidence, and thus is not crucial or critical enough to have denied Petitioner a fair trial. Since Petitioner's due process rights were not violated, federal habeas review of the admission of Sliger's testimony is unavailable to Petitioner. See Cupp v. Naughten, 414 U.S. 141, 146; Tucker, 883 F.2d at 881; Brinlee, 608 F.2d at 850.
 
 
 25
 Petitioner also challenges a second statement admitted by the trial court. Scartaccini and Sliger testified to another statement made by Pierce after he had shot Daniels, that he would "make Zinn pay" for ordering him to kill Daniels. Like Sliger's statement that Petitioner told Pierce to "get rid of" Daniels, the "make Zinn pay" statement was cumulative and cannot be said to render the trial fundamentally unfair.
 
 
 26
 The final argument Petitioner makes is that the District Court erroneously dismissed his claim that he was denied his right to be present during every stage of the trial on the grounds that the claim was not fairly presented or was procedurally barred. This issue was clearly and expressly decided by the New Mexico Supreme Court on adequate and independent state law grounds.
 
 
 27
 The order of the United States District Court for the District of New Mexico denying habeas corpus relief is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3