**Glen Vonnell PEARL, Petitioner,**

v.

**David McKUNE, et al., Respondents.**

No. 94–3027–DES.

United States District Court,
D. Kansas.

Aug. 31, 1994.

---

Glen Vonnell Pearl, pro se.

JaLynn M. Copp, Office of Atty. Gen., Topeka, KS, for respondents.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate in the Lansing Correctional Facility, Lansing, Kansas.

On August 15, 1991, petitioner was found guilty by a Wyandotte County jury of battery, contrary to K.S.A. 21–3412, a class A misdemeanor; and aggravated battery on a law enforcement officer, contrary to K.S.A. 21–3415, a class B felony.

As a result, petitioner was sentenced to the custody of the Secretary of Corrections for a period not less than 15 years nor more than 20 years on the charge of aggravated battery on a law enforcement officer, contrary to K.S.A. 21–3415 and in accordance with K.S.A. 21–4501(b); for a period of not less than 15 nor more than 20 years on the charge of aggravated battery on a law enforcement officer, contrary to K.S.A. 21–3415 and in accordance with K.S.A. 21–4501(b) with said sentences to be served consecutively. Petitioner was also sentenced to the county jail

for a period of one year on the charge of battery, contrary to K.S.A. 21–3412 and in accordance with K.S.A. 21–4502(a) with said sentence to be served concurrently with the other two sentences.

Petitioner raises three issues in this action:

1. The lower court failed to inquire into my request to dismiss appointed councel [sic], in spite of (2) letters that were written by me and sent to the judge.
2. Court erred in failing to give proper jury instructions.
3. The court failed to follow the mandates of the sentencing guidelines as required by law.

Respondents first raise the issue that the petitioner has not exhausted his state court remedies. However, an examination of the file herein indicates to this court that the state court remedies of this petitioner have been exhausted and the court so finds.

The respondents have included in their answer and return a fair and detailed statement of the facts in this case and this court incorporates same in this Memorandum and Order by reference.

## I. DID THE DISTRICT COURT ERR BY FAILING TO INQUIRE INTO PETITIONER'S REQUEST TO DISMISS APPOINTED COUNSEL?

■ Petitioner contends that the trial court erred in not granting him a hearing, in which to inquire into his reasoning for his dissatisfaction with the appointed trial counsel, in view of the two letters.

On April 30, 1991, John Sutherland was appointed as petitioner's defense attorney. Sometime before trial, petitioner wrote the following two undated letters to the administrative judge who was not the trial judge. There was also a note on the top of each letter that copies were sent to "M. Grosko, Asst. D.A. & J. Sutherland, Atty for dfdt."

Honorable Judge Smith:

I would like to dismiss the councel [sic] that was appointed to me. His performance as my attorney is really not quite up to par. He has shown little interest in defending me, along with telling quit [sic] a few falsehoods to me. I really feel that having Mr. Sutherland to represent me in this case is not going to be in my best interest. I've given him some very important papers in which he was supposed to copy and bring back to me, he never did. I just don't feel that I can trust him to keep my defense confidential along with representing me to the best of his ability. I beg of the court to honor this request.

Respectfully Yours,
Glen V. Pearl

Judge Smith:

I've written you before in regards to having my attorney dismissed from my case. My name is Glen Pearl and my attorney is John Sutherland. This attorney is very unprofessional, he had told lies to me and has done nothing ask [sic] of him by me. This is my second letter to you that concerns my request for ineffective councel [sic], to be dismissed from my case. I've recieved [sic] no answer and I refuse to allow this man to represent me at this time.

He has avoided several of my calls, he has failed to return calls from my parents. He also has not talked to any of my witnesses. I have been here two months now. I've given him some important papers in which I want returned to me immediately. This is not a man to whom I feel is capable of giving me proper representation. This is my second letter to you on this issue. Please do something. I've known you to be more than a fair man and I pray that you'll do whats [sic] needed to see that I'm properly represented. Please help.

Respectfully Yours,
Glen V. Pearl

Respondents submit that the contents of the letters fail to support petitioner's claim and the record of the trial shows that he was competently represented and never complained about the representation at the time of trial.

Petitioner's first letter to the court is not dated. He simply states he would like to dismiss counsel for various reasons. This letter contains no request or inference that petitioner wanted new counsel appointed to represent him.

The second letter written by petitioner is likewise not dated. However, he indicated that he had been in custody approximately two months. Petitioner was arrested on April 22, 1991, and counsel was appointed on April 30, 1991. This letter was therefore probably written in late June or early July 1991. The preliminary hearing was held on May 23, 1991, and the jury trial began on August 12, 1991.

Also at sentencing, petitioner was personally addressed by the court and asked if there was anything he wished to say. Petitioner responded "no." At that particular time if petitioner was dissatisfied with his counsel, he certainly could have spoken to the court about that complaint.

■ Petitioner contends that under state law, the trial court was required to hold a hearing to inquire as to his reasons of wanting his court-appointed counsel dismissed. The court notes that federal habeas review of alleged errors in a state criminal proceeding is limited to review for violations of federal constitutional or statutory law. Claims based on violation of state law are not cognizable under 28 U.S.C. § 2254. *David v. Reynolds*, 890 F.2d 1105, 1009, n. 3 (10th Cir.1989). Legal error alone is not enough to warrant federal habeas relief. Absent a claimed impropriety denying a specific constitutional right, a habeas claim based on state procedural violations must be established by proof the trial was rendered fundamentally unfair by the alleged error. *Mahorney v. Wallman*, 917 F.2d 469 (10th Cir. 1990); *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir.1989).

Petitioner's claim does not allege constitutional error and therefore is not cognizable under 28 U.S.C. § 2254 and the court so finds.

## II. DID THE TRIAL COURT ERR IN FAILING TO GIVE PROPER JURY INSTRUCTIONS?

■ Petitioner contends that the trial court erred by failing to instruct the jury that the state of Kansas had the burden of proving that he did not act in self-defense. At the trial of this matter, petitioner claimed

he was defending himself from the officers who were attempting to arrest him. Based upon his testimony, he was entitled to an instruction on self-defense which the court gave. That specific instruction provided:

### INSTRUCTION NO. 11

The defendant has claimed his conduct was justified as self-defense.

A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force. Such justification requires both a belief on the part of defendant and the existence of facts that would persuade a reasonable person to that belief.

The trial court further instructed the jury:

### INSTRUCTION NO. 10

The State has the burden of proving the defendant is guilty. The defendant is not required to prove he is not guilty. You must assume the defendant is not guilty unless the evidence convinces you of the defendant's guilt.

Your determination should be made in accordance with these instructions, and this is the test you should apply: If you have no reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant guilty. If you have reasonable doubt as to any of the claims made by the State, you should find the defendant not guilty.

Here, defendant did not request PIK Crim.2d 52.08. Therefore, when brought up on appeal the appellate court can reverse on the issue only if failure to give the instruction was clearly erroneous. *State v. DeMoss*, 244 Kan. 387, 770 P.2d 441 (1989). The court of appeals in its opinion, *State v. Pearl* at p. 6, determined that "viewing the instructions as a whole, we cannot say the failure to give 52.08 was clearly erroneous."

In *Lujan v. Tansy*, 2 F.3d 1031 (10th Cir.1993), the Tenth Circuit Court of Appeals sets out the standard of review when petitioner claims the trial court erred in giving

or refusing to give certain instructions. The court at p. 1035 held:

> As we have recognized before, a petitioner such as Lujan bears a 'great burden ... when ... [he] seeks to collaterally attack a state court judgment based on an erroneous jury instruction.' (Citations omitted). '[H]abeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.' (Citations omitted). ('[F]ederal habeas corpus relief does not lie for errors of state law'.... [I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.').

The Court of Appeals of the State of Kansas found that "viewing the instructions as a whole, we cannot say the failure to give 52.08 was clearly erroneous and respondents would submit that the trial court's failure to give did not render the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." This court makes the same finding.

## III. DID THE DISTRICT COURT FAIL TO FOLLOW THE MANDATES OF THE SENTENCING GUIDELINES AS REQUIRED BY LAW?

At sentencing, the trial court had before it petitioner's presentence investigation report. In addition, both the State and Officer Balliett recommended maximum consecutive sentences. It should also be noted that petitioner was sentenced by the judge who heard the trial. He was certainly aware of the testimony given by petitioner at trial and felt that any excuses offered by him for his conduct were outweighed by other factors including petitioner's long history of violence with police officers.

Additionally, in *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (1976), the Ninth Circuit Court of Appeals determined that "So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penal-

ties for violations of state statutes are matters of state concern."

This is a matter of state law and should not be addressed in federal habeas review and the court so finds.

The court further finds that no evidentiary hearing or oral arguments are needed to decide this case.

Based upon the entire record, the court finds that the petition filed herein for writ of habeas corpus shall be denied.

**IT IS BY THE COURT SO ORDERED.**