Monte SUMMERS, Petitioner,

v.

**Robert D. HANNIGAN, Respondent.**

No. 96–3506–DES.

United States District Court,
D. Kansas.

April 15, 1999.

to amend their complaint, this paragraph should be clarified if appropriate.

**1292**

Monte W Summers, El Dorado, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for respondent.

Jared S. Maag, Office of Attorney General, for Attorney General of Kansas, respondent.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges the legality of his convictions of aggravated kidnapping, rape, and battery and alleges there was insufficient evidence of the crime of aggravated kidnapping, that the trial court erred in refusing to admit certain evidence seized from the victim's car, and that the trial court erred in rejecting a challenge for cause to a potential juror.

Respondent has filed an Answer and Return (Doc. 14), and the court, having examined the record, enters the following findings and order.

### Factual Background

On June 9, 1990, the Wichita Police Department was notified of a nude woman sitting in the roadway near Interstate 135. The responding officer located the woman sitting in the center median. She was bloody and clothed only in a halter top and towels. The woman, who was agitated and had a strong odor of alcohol, told the officer she had jumped from a moving car due to her belief that her life was in danger. She described being raped and battered by two men for over an hour prior to her escape and advised the officer that one of the men had a gun.

The woman told the officer that she had been at a Wichita convenience store with another woman when she was forced into the backseat of her vehicle by two men, driven away from the area, and beaten with a handgun and fists. The woman was transported to a local hospital by ambulance.

At the hospital, the woman told a nurse that she had jumped from a moving vehicle, that she had been raped by two black males, and that she was pregnant. The physical examination revealed blood on the woman's face and numerous abrasions to her face and body, and a tear on the bottom of one foot. A rape kit was performed.

Shortly afterwards, Wichita police located the woman's car and suspects matching the description given by the woman. Both men were taken to the hospital for possible identification by the victim, who positively identified each man. Petitioner and Dennis Richards, both aged 17, were charged with the crimes at issue here in July 1990, and were certified for trial as adults.

The testimony at trial varied considerably. The woman testified she had come to Wichita from Pratt, Kansas, on June 9, 1990, to celebrate her birthday. Upon arrival, she stopped at a convenience store and ran into an old friend, who was with a black female. The latter invited the woman to a party, and after stopping at a liquor store, the woman and the black woman went to the party. After spending approximately two hours at the party, the woman saw others smoking cocaine and decided to leave. When she retrieved her purse, she found her money had been taken. She testified she became lost while trying to find the highway and pulled into a parking lot to ask petitioner and his friend for directions. She testified she became frightened when Richards got into her car and that petitioner then forced his way into the drivers seat and struck her in the face with his fist.

The woman testified petitioner drove the car from the parking lot, and that she was struck by both men, forced to perform oral sex on both, and was raped by both men.

When she attempted to escape from the vehicle, she was pulled back by her hair and beaten. Finally, in fear for her life, the woman was able to open a rear door of the car and jump out, being rolled into a ditch by the impact. Although her assailants stopped the car and pursued her, they fled in the victim's car when other traffic approached. The woman ran into the road seeking help. One motorist declined to stop but agreed to call for help, and a second motorist gave the woman a blanket. The police arrived shortly afterward.

Other trial testimony established that blood found on petitioner was consistent with that of the woman, and that semen detected from the rape examination was consistent with petitioner as the donor.

Petitioner and Richards testified at trial that the woman approached petitioner seeking narcotics to celebrate her birthday, and that Richards showed her four rocks of crack cocaine. The woman stated that she had no money but would have sex with them in lieu of payment. Petitioner admitted he had consensual vaginal intercourse with the woman but denied having anal intercourse with her. He testified that the woman had a nosebleed while they were in the car but maintained that the victim's presence and all sexual activity were voluntary and consensual.

According to petitioner, the woman smoked approximately $70 to $80 worth of cocaine during the evening, made sexual advances toward him, and did not appear to be upset during the evening. He stated he was unable to prevent her from falling when she got out of the car.

Other defense witnesses described obtaining a crack pipe for the woman and seeing the woman with the petitioner and Richards. There was testimony that the woman had offered to trade a defense witness sex for drugs on a prior occasion.

## Discussion

Petitioner first contends there was insufficient evidence at trial to establish the crime of aggravated kidnapping. Review of this claim is governed by 28 U.S.C. § 2254(d), which provides, in relevant part, as follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

[ . . . ]

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

■ The Kansas Supreme Court analyzed this claim by noting first, that the identity of the petitioner was not disputed, nor was the occurrence of sexual intercourse between petitioner and the woman. The core issue raised by petitioner's evidentiary challenge, then, is whether the state provided sufficient evidence that petitioner detained the woman by force or threat. The state court concluded, after a review of the evidence presented at trial, that there was sufficient evidence before the jury to support the conviction of aggravated kidnapping, and this court agrees. The testimony of the victim, if believed by the jury, was sufficient to establish that she was held in her car, subjected to repeated sexual assault, and beaten. This is sufficient to establish the crime of aggravated kidnapping, and petitioner is not entitled to relief on this claim.

Petitioner next claims the trial court erred in refusing to admit into evidence a syringe found in the woman's car. At trial, the prosecution offered the testimony of a Wichita police investigator who had examined the interior of the woman's car. He described blood stains found in the vehicle and items found there, including a cigarette, clothing, and other items. On cross-examination, counsel for defendant Richards sought to introduce into evidence the fact that an empty syringe was found in the car to refute expected testimony by the woman that she did not use drugs. The trial court sustained the prosecution's objection to testimony on this point on the

ground that it was not relevant to the charge of rape. Counsel then asked if he could pursue this issue for impeachment purposes when the woman took the stand, and the judge stated he would determine this issue at the time of her testimony. However, when the woman testified, defense counsel elected to ask her only whether she had used drugs on the night of the incident. Petitioner's counsel likewise did not ask about the syringe.

"[S]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Tucker v. Makowski,* 883 F.2d 877, 881 (10th Cir.1989) (internal quotations and citations omitted).

■ Viewed in light of the entire record, the court finds no fundamental unfairness which might warrant habeas corpus relief. It is evident that both petitioner and his co-defendant presented a vigorous defense which portrayed the woman as a willing participant in the evening's activities, that the trial court appropriately declined to allow what was essentially impeachment until the witness had testified, and that neither counsel for the defense chose to pursue the point during cross-examination.

Petitioner's final claim for relief asserts that he was denied a fair trial by the trial court's denial of a challenge for cause to a prospective juror. During voir dire, the venire member responded to questioning by the trial court as follows:

The Court: All right. Now is there anything about the charges involved that you feel you'd be unable to serve as a fair and impartial juror in this case?

Mrs. Johnson–Blake: I had a very bad abusive relationship with a boyfriend at one time. I feel very strongly about women being abused.

The Court: Well I won't excuse you at this time; maybe it will develop that you may be excused. (R., pp. 11–12.)

The trial court overruled a challenge for cause to this juror made by petitioner's co-defendant, and petitioner's counsel did not challenge her for cause. Ms. Johnson–Blake instead was removed by a peremptory challenge and was not a member of petitioner's trial jury.

■ This court need not determine whether the trial court erred in denying the challenge for cause to Ms. Johnson–Blake. In *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), the Supreme Court held there is no constitutional violation when a trial court has denied a challenge for cause and the juror is removed by a peremptory challenge. Noting that "the loss of a peremptory challenge [does not] constitute[ ] a violation of the constitutional right to an impartial jury," *id.* at 88, 108 S.Ct. 2273, the Court held that "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.* Petitioner does not allege that the jury was biased or that he was disadvantaged by the jurors who heard the evidence against him. The court therefore finds that any error was harmless and that petitioner is not entitled to relief on this claim.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied.

**IT IS SO ORDERED.**