**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTONIO LAVELLE SMITH,

  Petitioner-Appellant,

v.

MARTY SIRMONS, Warden,

  Respondent-Appellee.

No. 06-6067

(D.C. No. 04-CV-1072-H)

(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

  Petitioner Antonio Lavelle Smith, a prisoner in the custody of the State of Oklahoma, proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner obtains a COA).

  Smith was convicted of first degree murder by a jury and sentenced to life imprisonment without parole. He appealed his conviction to the

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the conviction and sentence on May 24, 2004. Smith did not file a petition for post-conviction relief in state court. On August 30, 2004, Smith filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. On February 11, 2005, the district court granted Smith's motion to amend his complaint. Smith filed an amended petition on February 17, 2005, raising nine grounds for relief. These nine grounds mirror the nine grounds raised by Smith in his direct appeal to the OCCA.

Grounds one through four allege that the trial court erroneously admitted certain testimony and evidence that violated Smith's right to a fair trial and his rights under the Confrontation Clause. In ground five, Smith argues the trial court erred in denying his motion for severance. Ground six asserts that Smith's Confrontation Clause rights were violated when the trial court limited his ability to cross-examine a state witness. In ground seven, Smith alleges the trial court erroneously failed to sua sponte instruct the jury on accomplice testimony. In ground eight, Smith contends he was denied a fair trial by the admission of irrelevant and highly prejudicial photographs of the victim. Finally, ground nine alleges an accumulation of errors entitling Smith to a new trial.

The district court denied Smith's habeas petition on January 23, 2006

after adopting the magistrate judge's report and recommendation and finding all nine of his grounds to lack merit. On February 9, 2006, the district court denied a COA because Smith had not made a substantial showing of the denial of a constitutional right and denied his motion to proceed in forma pauperis on appeal.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. Smith is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of "good faith" on his part. Id. at 338 (quotations omitted).

Under § 2254, this court may grant a COA on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). After careful review of Smith's application, the decision of the OCCA on direct appeal, the district court's order denying habeas relief, and the material portions of the record, we conclude that Smith's claims are without merit.

Smith's first three grounds involve the admission of evidence at trial, which he argues denied him a fair trial and violated his rights under the Confrontation Clause. Specifically, he contests admission of an overheard telephone conversation he had with his brother discussing the victim, a threatening phone call his brother made to a potential trial witness, and evidence that the victim had filed a protective order against his brother. "[S]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Tucker v. Makowski, 883 F.2d 877, 881 (10th Cir. 1989) (citation omitted). The district court properly concluded that the admission of the evidence in question did not render Smith's trial fundamentally unfair because the overheard telephone conversation did not prove central to the prosecution's case and the other evidence implicated Smith's brother, rather than Smith.

Smith alleges in his fourth ground that the admission of the above evidence and other evidence from trial, specifically statements his brother made to a detective, violated his Confrontation Clause rights. The Confrontation Clause bars the introduction of testimonial hearsay against a criminal defendant, unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. Crawford v. Washington, 541 U.S. 36, 53-54 (2004). None of the statements Smith complains of qualify as testimonial hearsay offered against him under Crawford. The district court properly concluded that this evidence fails to implicate Smith's rights under the Confrontation Clause because it either: 1) was not offered against him; 2) did not implicate him, or; 3) was not hearsay.

Even if any of this evidence was improperly admitted as testimonial hearsay, Smith is "not entitled to habeas relief based on trial error unless [he] can establish that it resulted in 'actual prejudice.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Smith has failed to demonstrate actual prejudice from the admission of this evidence. Finally, Smith asserted in his direct appeal and in arguments in support of this appeal that his trial counsel's failure to object to the admission of this evidence was ineffective assistance of counsel. The district court addressed this argument, though not included in Smith's habeas petition, and found that it

lacks merit because failure to object to admissible evidence is not ineffective assistance of counsel. We agree with this determination.

Smith's fifth ground alleges that the trial court erred in refusing to sever his trial from his brother's trial because he was prejudiced by the admission of evidence that pertained solely to the case against his brother. "Whether the trial court erred in denying severance is generally a question of state law that is not cognizable on federal habeas appeal, for a criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by the joint trial." Cummings v. Evans, 161 F.3d 610, 619 (10th Cir. 1998) (citations omitted). The district court properly found that this claim lacks merit. The OCCA noted on direct appeal that Smith and his brother did not present antagonistic defenses and the minimal evidence presented against his brother during the trial did not implicate Smith. Further, when the eyewitness testimony against Smith is also considered, both the OCCA and the district court concluded Smith has failed to make a strong showing of prejudice caused by the joint trial. We agree.

In his sixth ground, Smith alleges a Confrontation Clause violation for the trial court's limitation of defense counsel's cross-examination of a state witness relating to whether the victim had ever paid the witness with drugs. "The Confrontation Clause guarantees an opportunity for effective cross-

examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (citations omitted). Because there was no evidence the crime at issue related to a drug transaction, the jury had heard enough about the witness' drug use to impeach his testimony, and the evidence presented by this witness was not the only evidence of Smith's guilt, we agree with the district court that the OCCA was correct in affirming the trial court's limitation of this non-relevant testimony.

Smith's seventh ground alleges that the trial court erred in failing to sua sponte instruct the jury that, under Oklahoma law, an accomplice's testimony requires corroboration. The OCCA determined, and the district court concurred, that the witness at issue was not an accomplice under Oklahoma law. Even if the witness was considered an accomplice, Smith must show that "in the context of the entire trial, the failure to instruct the jury to carefully consider [the witness'] credibility as an accomplice 'had the effect of rendering the trial so fundamentally unfair as to cause denial of a fair trial.'" Foster v. Ward, 182 F.3d 1177, 1193 (10th Cir. 1999). The district court properly concluded that Smith failed to meet this heavy burden.

In his eighth ground, Smith asserts he was denied due process by the admission of highly prejudicial and irrelevant photographs of the victim.

On habeas review, this court considers only "whether the admission of the photographs rendered the proceedings fundamentally unfair." Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999). Courts should use "considerable self-restraint" when undertaking a fundamental fairness analysis. Id. Because the photographs demonstrated the location, condition, and position of the victim's body at the scene of the shooting and corroborated testimony regarding the circumstances of the murder, the district court was correct in finding that their admission was probative and did not render Smith's trial fundamentally unfair.

Finally, Smith's ninth ground asserts that the cumulative effect of the alleged errors rendered his trial fundamentally unfair. Cumulative error analysis "does not apply to the cumulative effect of non-errors," and requires at least two or more actual errors for relief. Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998). Because Smith has failed to show that two or more actual errors occurred, this claim is without merit.

To proceed in forma pauperis on appeal, Smith must show "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (citations omitted). Upon review of Smith's affidavit, we conclude that he is not entitled to proceed in forma pauperis because he has

-8-

not presented a nonfrivolous argument on appeal.

Smith has failed to make a substantial showing of the denial of a constitutional right as to any of his nine grounds for relief. Accordingly, we DENY his request for a COA and DISMISS the matter. We DENY Smith's motion to proceed in forma pauperis and remind him that the fee for this appeal remains due.

Entered for the Court

Mary Beck Briscoe
Circuit Judge